NILLSON v. SELWYN & CO. et al.

(Supreme Court, Appellate Division, First Department.  October 14, 1910.)

DISCOVERY (§ 41*)—EXAMINATION OF ADVERSE PARTY BEFORE TRIAL—SCOPE.

In a suit to restrain the threatened production of a play, an order for defendant's examination as an adverse party before trial should be limited to the allegations of the complaint with respect to the production or threatened production of the play.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 54; Dec. Dig. § 41.*]

Appeal from Special Term, New York County.

Action by Carlotta Nillson against Selwyn & Co., impleaded, etc. From an order denying its motion to have an order for examination of defendant company by plaintiff as an adverse party before trial set aside, defendant company appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Melville H. Cane, for appellant.
B. G. Oppenheim, for respondent.

PER CURIAM. The order appealed from should be modified, so as to provide that the order for the examination of the appellant shall limit such examination to the allegations of the complaint with respect to the production or threatened production of the play by the appellant, and, as so modified, affirmed, without costs.

---

(140 App. Div. 297.)

LAWSON v. HOTCHKISS, Superintendent of Insurance.

(Supreme Court, Appellate Division, First Department.  October 28, 1910.)

1. DISCOVERY (§ 41*)—EXAMINATION BEFORE TRIAL—PURPOSE.

The complaint, in an action on a life policy by the assignee thereof, alleged, to show plaintiff's interest, that the assignment was made in consideration of an amount due her from the person insured, for services rendered as private secretary, and the answer denied plaintiff's insurable interest in the policy at the time of its assignment. The affidavit, upon which an order for plaintiff's examination before trial was based, was made by defendant's attorney, and stated that he was a director of the insurance company which issued the policy, and had as much knowledge thereof as any one, and that such information as they had, relating to insured's business and plaintiff's relation to him, indicated that he had no use for a private secretary and could not afford to keep one, and that the real consideration for the assignment of the policy was his meretricious relations with plaintiff, and that they understood that plaintiff now represented herself to be insured's widow; that defendant might be unable to procure direct evidence of such fact, or meet plaintiff's case, without a thorough examination of her before trial concerning her alleged employment by insured and her relations to him; and the sources of affiant's information were stated to be reports given to the inspection department of the insurance company by unnamed persons, and the contents of such report were not stated. *Held* that, in order to authorize an examination of a party before trial, the testimony desired must relate to a